**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

STS SOFTWARE SYSTEMS,
LTD, and NICE SYSTEMS, LTD,

:
:
:
:
:
:     CIVIL ACTION NO.
Plaintiffs,   :     1:04-CV-2111-RWS
:
v.   :
:
WITNESS SYSTEMS, INC.,   :
:

Defendant.

## **ORDER**

This case is before the Court on Plaintiffs' Motion to Strike [312] and their Motion for Summary Judgment [318]. After considering the entire record, the Court enters the following Order.

## **Background**[1]

Plaintiff STS Software Systems, Ltd. ("STS") is a wholly owned subsidiary of Plaintiff NICE Systems, Ltd. ("NICE"), an Israeli corporation. NICE is also the owner by assignment of U.S. Patent Nos. 6,122,655 ("the '665

---

[1]These facts are drawn from the Plaintiffs' Statement of Undisputed Material Fact and the Defendant's response thereto. The Court makes no findings of fact with regard to the background described herein.

Patent"), 6,856,604 ("the '604 Patent"), 6,871,229 ("the '229 Patent"), and 6,880,004 ("the '004 Patent") (collectively "the Patents-in-Suit").[2] These patents generally relate to extracting, storing, managing, and replaying telephone communications transmitted over a computer network.

On July 20, 2004, STS filed suit against Defendant Witness Systems, Inc. in the United States District Court for the Southern District of New York, alleging that certain products made and sold by Witness Systems infringe upon the '665 Patent and seeking injunctive relief. On the same day, Witness Systems filed suit against STS in this Court seeking a declaratory judgment of non-infringement and invalidity. The New York action was subsequently

---

[2]The '604 Patent, the '229 Patent, and '004 Patent are continuations of US Patent Application No. 09/664,775, which is a continuation-in-part of the application from which the '665 Patent issued. These patents issued during the pendency of this litigation and, with the consent of Witness Systems, STS amended is Complaint to assert claims for infringement of these three additional patents. In August 2005, after filing its Amended Complaint [83], STS filed a notice of covenant not to sue Witness Systems for infringement of the '665 Patent, and moved this Court to dismiss all claims related to the '665 Patent for lack of subject matter jurisdiction, arguing that the covenant not to sue eliminated any case or controversy related to the '665 Patent. The Court denied STS's motion to dismiss, concluding an actual controversy remained in the case sufficient to confer subject matter jurisdiction over Witness Systems' declaratory judgment claims. (See Order of Jan. 6, 2006 [185] at 2-21.) Thereafter, the parties agreed upon a revised covenant not to sue, and filed a stipulated dismissal with prejudice of all claims related to the '665 Patent. As such, only the '604, '229, and '004 Patents remain in this action.

transferred to this District and consolidated under the caption STS Software Systems, Ltd. v. Witness Systems Inc., Civil Action No. 1:04-cv-2111-RWS. The Court granted STS's Motion to join its parent company to this action in an Order issued on June 26, 2007 [285].

Defendant disputes that any infringement has occurred and asserts that there can be no liability for infringement here because the Patents-in-Suit are invalid as obvious under 35 U.S.C. § 103(a).  But Plaintiffs now move the Court for summary judgment on the defense of invalidity for obviousness [313], arguing that Defendant cannot meet its burden of proving obviousness by clear and convincing evidence due to the conclusory nature of Defendant's experts' opinions.  Plaintiffs have also moved to strike portions of three of Defendant's experts' rebuttal reports because they contain new opinions on obviousness [312].

## Discussion

**I. Motion to Strike**

Plaintiffs have submitted a Motion to Strike Portions of Dr. Clark's, Dr. Cohen's and Mr. Casner's Rebuttal Expert Reports Containing New Opinions on Obviousness and to Preclude These Experts from Offering Any Testimony at

3

Trial Relating to These New Opinions [312].  Plaintiffs argue that the initial report of each of these experts stated that the Patents-in-Suit were invalid as obvious but that none of Defendant's experts provided any reason or basis for this conclusion.  Not until the submission of rebuttal reports did each expert provide a substantive explanation and basis for opinions on obviousness.  Indeed, Defendant's experts even admitted in their deposition testimony that their initial reports contained no basis for addressing the issue of obviousness.  Defendant responds by insisting that it filed its initial and rebuttal reports in a timely manner and never added "new prior art 'obviousness' combinations" (Resp. in Opp. to Mot. to Strike [316] at 1).

Under the Federal Rules of Civil Procedure, initial expert reports must disclose "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B). In addition, as provided by the Local Patent Rules, supplementation of expert reports is presumptively prejudicial, especially where the opinions could have been disclosed earlier and the prejudice caused cannot be lessened.[3]  A rebuttal

---

[3]Patent Local Rule 7.3 states:
> Because of the complexity of the issues often present in patent cases, amendments or supplementation to expert reports after

4

expert report is not the proper "place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice." Baldwin Graphic Sys. Inc. v. Siebert, Inc., No. 03-7713, 2005 WL 1300763, at 2 (N.D.Ill. Feb. 22, 2005).

Here, the opinions of Defendant's experts disclosed in the initial reports failed to include any basis for obviousness to which Plaintiffs' experts could meaningfully respond. Instead, the lengthy initial reports stated hundreds of unsupported conclusory opinions on the alleged obviousness of the Patents-in-Suit. The opinions expressed on obviousness consist of a summary of prior art references, claim charts containing quotes excerpted from these references, and a conclusion that a combination of references renders the patent claims obvious. The experts' opinions on obviousness basically amount to a list of references to prior art and a conclusory statement that one skilled in the art would have known to combine those references to create the inventions claimed

---

the deadlines provided here are presumptively prejudicial and shall not be allowed unless:
    (a) the tendering party shows cause that the amendment or supplementation could not reasonably have been made earlier; and
    (b) all reasonable steps are made to ameliorate the prejudice to the responding party.

5

by Plaintiffs. No reason or basis is offered in the initial reports for the conclusion of obviousness, and no opinions are expressed as to why it would be obvious for a person of ordinary skill in the art to combine the prior art in the way that is claimed. Not until the rebuttal reports are these deficiencies remedied, and Defendant's experts' new opinions on obviousness added. Defendant has not offered a justification for failing to include opinions explaining why Plaintiffs' patent claims were obvious, and it appears that these opinions could and should have been included in the initial reports.

Relief for a violation of Rule 26(a) is described in Rule 37(c)(1) of the Federal Rules of Civil Procedure, which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Defendant's experts could have included their opinions on why the Patents-in-Suit were obvious in their initial expert reports, but they failed to do so. The Court notes that Plaintiffs will suffer prejudice as a result of the untimely disclosure of these opinions because Plaintiffs' experts

6

did not have an opportunity to respond to the new opinions submitted in Defendant's rebuttal reports.[4]  Defendant has not taken any steps to ameliorate the prejudice to Plaintiffs as a result of the submission of these new opinions.

The Court concludes that the Plaintiffs' Motion to strike all portions of Dr. Clark's, Dr. Cohen's, and Mr. Casner's rebuttal expert reports relating to the alleged obviousness of the Patents-in-Suit and to exclude at trial all testimony relating thereto shall be **GRANTED**.  The Court will not consider any of this evidence in its decision on Plaintiffs' Motion for Summary Judgment nor shall any of this evidence be admitted at trial.

**II. Plaintiffs' Motion for Summary Judgment**

A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if thepleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).  "The moving party bears

---

[4] In fact Plaintiffs' expert Dr. Wessler expressed that he could not provide an opinion on obviousness due to the deficiencies in Defendant's initial disclosures. Pls.' Mot. to Strike [312] at 12.

7

'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are

reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). With this standard as a foundation, the Court turns to address the merits of Plaintiffs' Motion to Dismiss.

### B. Motion for Summary Judgment

Defendant contends that Plaintiffs' three Patents-in-Suit are invalid as obvious under 35 U.S.C. § 103(a). Plaintiffs have moved for summary judgment on Defendant's defense of invalidity for obviousness.

A patent is invalid when "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). A determination of obviousness may not be made

using hindsight, thus the "temptation to read into the prior art the teachings of the invention at issue" must be avoided. Graham v. John Deere of Kansas City, 383 U.S. 1, 36 (1966). Obviousness under 35 U.S.C.§ 103 is a legal issue that rests on several factual inquiries. Constant v. Advanced Micro Devices, Inc., 848 F.2d 1560, 1572 (Fed. Cir. 1988). To guard against "slipping into the use of hindsight," the Supreme Court identified the following factual inquiries that must be made: (1) the scope and content of the prior art; (2) the difference between the prior art and the claims at issue; and (3) the level of ordinary skill in the pertinent art. Graham, 383 U.S. at 17-18.[5] When a party alleges that a patent is invalid as obvious based on a combination of elements found in the prior art, the Supreme Court stated the importance of identifying "a reason that would have promoted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." KSR Int'l Co. v. Teleflex, Inc., 127 S.Ct. 1741 (2007). A patent is presumed valid, and the burden of proving invalidity rests with the challenger. 35 U.S.C. § 282. Such a

---

[5] There are secondary considerations that may be utilized in the obviousness inquiry. These considerations are not relevant to the present analysis because the secondary considerations are used to rebut evidence of obviousness. The issue before the Court is whether there is sufficient evidence of obviousness to allow the issue to remain in this case.

presumption can be overcome by clear and convincing evidence that the claimed invention fails to meet the requirements of patentability. See <u>Hewlett</u> <u>–Packard Co. v. Bausch & Lomb</u>, 909 F.2d 1464, 1467 (Fed. Cir. 2990).

Plaintiffs argue in their Motion for Summary Judgment that the only evidence Defendant may rely on in support of its obviousness defense is expert testimony, all of which must be disclosed in expert reports. Plaintiffs argue that because the new opinions presented in Defendant's expert reports have been stricken, Defendant has failed to carry its burden of proof. They argue that Defendant has failed to provide any evidence of the scope and content of the prior art or any evidence that the patent claims are invalid as obvious. However, Plaintiffs overstate their case. Although expert testimony is often a useful aid in considering the issue of invalidity, such testimony is not requisite to a finding of obviousness. See <u>Prima Tek II, LLC v. Polypap S.A.R.L.</u>, 412 F.3d 1284, 1290 n.7 (Fed. Circ. 2005) (noting the permissibility of having a fact finder consider questions of invalidity without the aid of expert testimony); <u>Union Carbide Corp. v. American Can Co.</u>, 724 F.2d 1567 (Fed. Cir. 1984) (affirming district court's granting of summary judgment of invalidity in the absence of explanatory expert testimony). Indeed, the Federal Circuit recently

11

stated that "an expert is not the only source for evidence that it would be obvious for one skilled in the art to combine references to reach the claimed method." Innogenetics, N.V. v. Abbott Laboratories, 512 F.3d 1363, 1374 (Fed. Cir. 2008).  However, "some kind of motivation must be shown from some source, so that the jury can understand why a person of ordinary skill would have thought of either combining two or more references or modifying one to achieve the patented method." Id.

In this case, the Court concludes that a genuine issue of material fact exists as to whether the patented claims are invalid for obviousness.  Plaintiffs claim that because Defendant's experts cannot testify on the issue of obviousness, Defendant therefore lacks any evidence of to support this defense. whatsoever.  However, Defendant points to other sources of support for their claim of obviousness.  Their witnesses are prepared to testify that a call center recording product known as "eWare version 1.0.15" utilized the protocols claimed in the Patents-in-Suit before Plaintiffs' patents were issued, indicating that their combination of prior art would have been obvious to one skilled in the art.  (See Def.'s Br. in Opp. to Pls.' Mot. for Summ. J. at 10-12.)  The Court concludes that this evidence is sufficient to create a genuine issue of material

12

fact.  A fact finder could understand, based on this testimony, why a person of ordinary skill would have thought to combine the prior art in the way that the Patents-in-suit claim.  For these reasons, summary judgment is not appropriate on Defendant's defense of invalidity for obviousness, and Plaintiffs' Motion shall be **DENIED**.

### Conclusion

In conclusion, Plaintiffs' Motion to Strike [312] portions of Dr. Clark's, Dr. Cohen's, and Mr. Casner's rebuttal expert reports and to exclude at trial all testimony relating thereto is hereby **GRANTED**.  Plaintiffs' Motion for Summary Judgment [318] is hereby **DENIED**.

**SO ORDERED**, this   6th   day of March, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13

AO 72A
(Rev.8/82)